UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                 )
GLADYS C. COOLEY,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   Civil Action No. 04-1542 (RWR)
                                 )
GEORGE W. BUSH et al.,           )
                                 )
          Defendants.            )
_____)


## MEMORANDUM OPINION

Plaintiff Gladys C. Cooley filed a complaint alleging that the Central Intelligence Agency ("CIA" or "Agency") unlawfully discriminated against her in the employment application process and failed to provide information as required under the Freedom of Information Act ("FOIA").  This complaint presents the same issues of fact and law as does the complaint Cooley filed four days earlier in the United States District Court for the Eastern District of Virginia,[1] which the court ultimately dismissed concluding that the Agency had not erred in dismissing Cooley's administrative complaint as untimely.[2]  Defendants in this action have moved to dismiss, arguing that principles of <u>res judicata</u>

_____

[1] <u>See</u> <u>Gladys C. Cooley v. George Tenet et al</u>., Civil Action No. 1:04cv1052, filed in the Eastern District of Virginia.

[2] <u>See</u> <u>Gladys C. Cooley v. George Tenet et al</u>., Civil Action No. 1:04cv1052, Memorandum Opinion, May 15, 2005 ("Mem. Op.").

-2-

require this court to decline to consider issues already
litigated and decided.[3]  Because <u>res judicata</u> bars plaintiff from
relitigating issues already decided in the Eastern District of
Virginia, defendants' motion will be granted.

<u>BACKGROUND</u>

The CIA made a conditional offer of employment to plaintiff
in 2000 and later rescinded the offer.  (Compl. ¶¶ 14.b, 23,
Ex. E.)  Cooley appealed the rescission, and the CIA reversed
itself and extended a second conditional offer in 2003.  (Compl.
¶¶ 14.c, 45-46, Ex. I.)  Then, on June 3, 2003, the second
conditional offer was also rescinded and the Agency informed
Cooley that she had been determined unsuitable for employment
based on information provided or revealed during the application
process, that the Agency could not divulge further specifics
regarding its decision, and that "[t]here is no appeal of this
decision."  (Compl. ¶ 33, Ex. H.)  Shortly thereafter, Cooley
filed a FOIA request for documents relating to the Agency's
employment decision; she received at least some, but not all, of
the documents she requested.  (Compl. ¶¶ 34, 44, 54.)  In a
letter dated December 14, 2003 -- some six months after she

---

[3] Defendants also raised a defense of ineffective service of
process.  Because <u>res judicata</u> disposes of this matter, this
opinion does not address the issue of service.

learned of the Agency's determination that she was unsuitable for employment -- Cooley notified the Agency that she intended to file an EEO complaint against it. (Compl. ¶ 40; Ex. U.)

Plaintiff alleges that the CIA discriminated against her on the basis of race, color, national origin, and age when she applied for a human resources position with the Agency.  (Compl. at 2.)  She also alleges the Agency violated the Freedom of Information Act ("FOIA").  (Compl. ¶ 1.g.)  The court in the Eastern District of Virginia, presented with a complaint containing the same claims and facts presented in the complaint filed in this court, determined as an initial matter that Cooley's employment discrimination claims were cognizable only under Title VII, and dismissed most of the other claims.  (See Mem. Op. at 1 n.1, citing Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976), 3.)  In addition, the court dismissed the FOIA claim because Cooley had failed to exhaust her administrative remedies.  (See Mem. Op. at 1 n.1.)  After hearing oral argument, entertaining supplemental filings, and taking into consideration arguments not timely raised (see Mem. Op. at 3, 9 n.9), the court concluded that the Agency had not acted improperly in dismissing Cooley's administrative complaint of employment discrimination as untimely filed.  Cooley admittedly had failed to comply with the regulation requiring a complainant

-4-

to contact an agency EEO counselor within 45 days of the alleged discriminatory action, and the court determined that her circumstances did not warrant a waiver of the deadline.  (See Mem. Op. at 7-17 citing and discussing 29 C.F.R. §§ 1614.105, 1614.604(c) and cases.)  Accordingly, on March 15, 2005, the court dismissed the complaint Cooley had filed in the Eastern District of Virginia.  Defendants now argue that res judicata should operate to bar plaintiff from pursuing this nearly identical action in this court.

## DISCUSSION

Res judicata is a broad term that encompasses both the doctrine of issue preclusion and the doctrine of claim preclusion.  Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).  The goal of both forms of preclusive effect are the same -- to promote the finality of judicial determinations, to foster reliance on judicial decisions by minimizing the possibility of inconsistent decisions, to conserve judicial resources, and to spare adversaries the vexation and expense of redundant litigation.  See Montana v. United States, 440 U.S. 147, 153 (1979).  The distinction between the two forms of preclusive effect is that "[i]ssue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided," whereas "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a

-5-

matter that never has been litigated, because of a determination
that it should have been advanced in an earlier suit." <u>Migra</u>,
465 U.S. at 77 n.1 (citation omitted). <u>See also</u> 18 Wright,
Miller & Cooper, <u>Fed. Prac. & Proc.</u> §§ 4402, 4416.[4]

Because the issues presented by this action were litigated
by plaintiff in, and determined by the court for, the Eastern
District of Virginia, the doctrine of issue preclusion, not claim
preclusion, pertains. "[O]nce an issue is actually and
necessarily determined by a court of competent jurisdiction, that
determination is conclusive in subsequent suits [even if they
are] based on a different cause of action involving a party to
the prior litigation." <u>Montana</u>, 440 U.S. at 153. There are
three elements required to establish a preclusive effect of a
prior determination of an issue:

> First, the same issue now being raised must have been
> contested by the parties and submitted for judicial
> determination in the prior case. Second, the issue
> must have been actually and necessarily decided by a
> court of competent jurisdiction in that prior case.
> . . . Third, preclusion in the second case must not
> work a basic unfairness to the party bound by the first
> determination.

<u>Yamaha Corp. of America v. United States</u>, 961 F.2d 245, 254 (D.C.
Cir. 1992) (citations and footnote omitted). Applying these

---

[4] If the issue already determined and entitled to preclusive
is dispositive of the entire claim, then claim preclusion would
apply, as well. Claims not already litigated are not presented
in this case, and therefore, claim preclusion is not pertinent.

requirements to this case compels the conclusion that <u>res</u> <u>judicata</u>, and specifically issue preclusion, bars this action.

First, a comparison of the complaint in this action with the complaint filed in the Eastern District of Virginia shows that the same issues of law and fact were raised and submitted for judicial determination in the Eastern District of Virginia. Second, it is clear that the issues decided in the Eastern District of Virginia were necessarily considered by a court of competent jurisdiction and fully litigated by the parties.  That court reached a judgment on the threshold issue before it, namely, whether the Agency had erred in its conclusion that Cooley's administrative complaint was time-barred.  (<u>See</u> Mem. Op. at 9.)  Third, no unfairness will accrue to plaintiff by applying the doctrine of issue preclusion here.  To the contrary, the doctrine of issue preclusion is intended to apply to cases such as this one, where the plaintiff attempts to bring an action that merely duplicates an action that was previously litigated and finally decided.

<u>CONCLUSION</u>

Plaintiff already fully litigated to finality in the Eastern District of Virginia the issues of fact and law that are presented in this complaint.  Therefore, <u>res judicata</u>, and specifically issue preclusion, operates to bar this action.

-7-

Defendants' motion to dismiss will be granted.  An appropriate

order accompanies this memorandum opinion.

SIGNED this 27th day of July, 2005.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge